IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-07-131-BLG-SPW-CSO |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| CLACEY PEDERSON, | |
| Defendant. | |

A petition alleges that Defendant violated conditions of her supervised release. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. *Order* (*ECF No. 28*) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On August 5, 2016, the Court conducted the revocation hearing. Defendant admitted all violations except for the portion of Violation No. 2 alleging that she sold approximately half of the one half ounce of methamphetamine she purchased prior to June 25, 2016. The Court heard evidence on the violation, and found that it had been proven by a preponderance of the evidence. As discussed below, it is recommended

1

that Defendant's supervised release be revoked and that the Defendant be sentenced at the low end of the guideline range to a sentence of 24 months imprisonment followed by 36 months of supervised release.

I. **Background**

In 2008, Defendant pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine. *ECF No. 18*. On June 26, 2008, the Court sentenced her to 72 months imprisonment, to be followed by 5 years supervised release. *ECF No. 22*. Defendant began serving her term of supervised release on June 14, 2013.

On June 27, 2016, the United States Probation Office filed a petition to revoke her supervised release. *ECF No. 26*. The petition alleges that Defendant violated two conditions of supervised release. Based on the petition, the undersigned issued a warrant for Defendant's arrest. *ECF No. 27*.

On June 27, 2016, Defendant was arrested. On June 28, 2016, Defendant made an initial appearance. *ECF No. 29*. Defendant, represented by counsel, stated that she had discussed the petition with her attorney and waived a preliminary hearing. *Id*. The Court set the

final revocation hearing for October 13, 2016, and Defendant was released on heightened conditions. *ECF No. 29.* This option was selected because Defendant has previously done well on supervision and it was determined appropriate to give her a chance to show she could continue to succeed.

On July 18, 2016, an amended petition was filed by the United States Probation Office. *ECF No. 34.* The amended petition alleges that Defendant violated an additional two conditions of her release after her initial appearance on June 28, 2016. Based on the amended petition, the undersigned issued a warrant for Defendant's arrest. *ECF No. 35.*

Defendant was arrested on July 20, 2016, and made an initial appearance on July 21, 2016. *ECF No. 36.* During the initial appearance the Court reset the final revocation hearing for August 5, 2016, at 10:00 a.m. The Court remanded Defendant to the custody of the United States Marshal Service pending the revocation hearing. *ECF No. 36.*

On July 28, 2016, the United States Probation Office filed a

second amended petition, alleging an additional violation under Standard Condition No. 7. *ECF No. 38.*

## II. <u>Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by Gillian E. Gosch. John Sullivan represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to appear before Judge Watters and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except for that portion of Violation No. 2 alleging that she sold methamphetamine while on release. The Court heard evidence on the violation, and found that it had been proven by a preponderance of the evidence.

The undersigned accepted the admissions, made a finding on the remaining portion of Violation No. 2, and proceeded to sentencing issues. The undersigned calculated that Defendant's violation grade is A, her criminal history category is I, and the underlying offense is a class A felony. Under those circumstances, the maximum sentence is

60 months incarceration, and the United States Sentencing Guidelines call for 24–30 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Mr. Sullivan agreed with those calculations, and Ms. Gosch agreed with those calculations, as long as the violation was considered a grade A violation. She argued that if the portion of Violation No. 2 the Defendant did not admit to was not proven by a preponderance of the evidence, then the violation would only be grade C.

Mr. Sullivan requested a sentence of 24 months incarceration. He noted that the Defendant did well on supervision for a long time, but the serious nature of the violations support a sentence within the guideline range. He argued that 24 months would be a sufficient sentence because she has had a good history, but the serious violations require a sentence on the low end of the guidelines. He argued that her conduct represented an extreme breach of trust and erases the good deeds and compliance from the last three years.

Ms. Gosch requested that the Defendant not be sentenced to any further incarceration. She argued that this is a difficult case and she understands the Court's concern. She argues that the Defendant was

5

not able to receive treatment while in custody, and had not received any since 2007. She argues that the Defendant has done really well for the last three years, and is not totally off the wagon—she purchased a house and a car, has kept a stable job, and done well until about May through July. She argues that the violations are serious but that she needs treatment, not simply punishment. She believes that based on the Defendant's success for the last three years, the Defendant has earned a second chance. She argues that based on the circumstances of the violations, the Defendant was emotionally unstable and resorted to drug use. But if she could receive treatment, Ms. Gosch argues the Court would see a change in the Defendant.

    Defendant stated that she wanted to express accountability and responsibility for her actions. She stated that due to her poor choices, she turned to drugs and disappointed those who supported her and destroyed what she had worked so hard for the last three years. She stated that she was really grateful for the lenient sentence she originally received from Judge Cebull because she believes that it saved her life. She stated that with support from her family she was able to purchase a house and a car, but that if she is incarcerated that

6

responsibility would fall on her mother, which would be too much. She is also concerned about the care of her unborn child and does not want to saddle her family with the responsibility of taking care of her baby if she is incarcerated. She stated that she is aware of the gravity of the situation and the ripple effect her actions have caused, and will understand that if she is incarcerated it will be for the greater good.

**III. Conclusions and Analysis**

Based on the Court's finding with respect to her sale of methamphetamine and on her admission to the other violations of her conditions of supervised release, Defendant's supervised release should be revoked. The Court should sentence Defendant to 24 months imprisonment followed by 36 months supervised release. No circumstances warrant a departure from the guideline range.

The Court notes the Defendant was given a second opportunity to demonstrate that she could comply with her conditions. She was released after her initial appearance on the revocation petition, with her revocation hearing set for October 13, 2016. The expectation was that, if she could demonstrate compliance, the undersigned would recommend that her supervision be continued rather than revoked. At

that time she did not request drug treatment. Unfortunately, she again violated her conditions within approximately two weeks. The Court is quite concerned that she was using methamphetamine, particularly while knowing she is pregnant.

Based on the serious nature of her violations, a sentence at the low end of the guideline range is appropriate but not greater than necessary.

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Watters, and reminded that she has the right to allocute before Judge Watters. The undersigned instructed Defendant that she may object to these Findings and Recommendations within 14 days of their issuance, and must do so if she wishes to preserve her right to allocute before Judge Watters.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated Standard Condition No. 3.
2. Defendant violated Standard Condition No. 5.
3. Defendant violated Standard Condition No. 7.

4. Defendant violated Standard Condition No. 9.

5. Defendant violated the Preamble to the Standard Conditions.

Accordingly, **IT IS RECOMMENDED** that the Court should revoke Defendant's supervised release and sentence Defendant to 24 months imprisonment, followed by a 36-month term of supervised release.

**IT IS FURTHER RECOMMENDED** as follows:

Pursuant to the Sentencing Reform Act of 1984, and after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range, and all of the circumstances of the current violations, it is the judgment of the Court, that the defendant, **CLACEY PEDERSON**, be committed to the custody of the United States Bureau of Prisons for a term of **24 months**. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **36 months**. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special conditions:

1. The defendant shall participate in substance abuse testing, to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.

2. The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

3. The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

4. The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

5. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

6. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes the standard condition number 7 with respect to marijuana only.

7. The defendant shall not ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic stimulants that are not manufactured for human consumption, for the purpose of altering their mental or physical state.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may

bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 5th day of August, 2016.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge