IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

SEP 0 6 2016

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-131-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| CLACEY PEDERSON, | |
| Defendant. | |

On August 5, 2016, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations with respect to the July 28, 2016, amended petition for revocation of Defendant Pederson's supervised release. (Docs. 38 and 40). Based on Pederson's admissions to the alleged violations, Judge Ostby recommends this Court revoke Pederson's supervised release. Judge Ostby further recommends that this Court sentence Pederson to 24 months incarceration with a 36 month term of supervised release to follow. Pederson timely objected and is therefore entitled to de novo review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). For reasons discussed below, this Court adopts Judge Ostby's Finding and Recommendations in full.

Pederson objects to Judge Ostby's 24 months sentence recommendation because she argues that Judge Ostby proposed 24 months incarceration for

1

rehabilitative purposes. (Doc. 44 at 4-5). Pederson argues that Judge Ostby's statement that a 24-month sentence may allow Pederson to participate in the RDAP program demonstrates reasoning in violation of *United States v. Grant*, 664 F.3d 276, 278-79 (9th Cir. 2011). In *Grant*, the Ninth Circuit held that § 3553 prohibits the sentencing court from considering rehabilitation "not only in deciding whether to imprison someone, but also for how long." *Id.* at 280 (citing *Tapia v. United States*, 564 U.S. 319 (2011)).

While it is undoubtedly the law that a judge may not impose a prison sentence based on rehabilitation, this Court is not convinced that Judge Ostby recommended a 24-month sentence for rehabilitation purposes here. Judge Ostby said what she said about the RDAP program in response to defense counsel's statement that sending Pederson to jail "isn't going to accomplish a thing." (Doc. 43 at 19-21, *Rev. Hrg. Transc.*). This, of course, was after defense counsel had argued that the court should not incarcerate Pederson because she needed drug treatment. (*Id.* at 18). Merely mentioning what may occur during incarceration is not the same as providing the reasoning for the sentence. More substantively, Judge Ostby later set out her reasoning for her recommendation, explaining:

> When I was first told of how well you had done and purchasing a home and a vehicle and you had a job, I was, as I said at the outset of the hearing, eager to give you a chance, even though you had relapsed. I don't recall any request for treatment at that time. And Mr. Shea has indicated that for nearly the entire time he was supervising you, you weren't seeking treatment.

2

And the fact, as Mr. Sullivan noted, that not only were you using, but you were selling, that's just not something the Court can ignore. The guideline provision in your situation contemplates 24 to 30 months and I am going to recommend 24 months...

[G]iven the guideline provisions and the fact that you were given a chance and you couldn't comply, and that you haven't come to the Court seeking help or showing any real remorse until you find yourself in this situation, it gives me real concern with respect to what Ms. Gosch asks, and that is to just say, Well, oh well, you were using; oh well, you were using multiple times; oh well, you were selling; oh well, you were using while you were pregnant; and just say, well, okay, we'll put you in the same situation again and hope for a different response. I just can't recommend that.

(*Id.* at 28-29). The transcript demonstrates that Judge Ostby recommended the sentence to punish Pederson for her failure to comply with her supervised release terms, her lack of remorse, and her continued criminal activity. She did not mention rehabilitation.

IT IS ORDERED that Judge Ostby's Findings and Recommendations are ADOPTED in full. Defendant Pederson's supervised release is revoked.

Judgment will be entered by separate document.

DATED this 6th day of September, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

3